



## OFFICE OF THE ATTORNEY GENERAL OF TEXAS

### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honerable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-4643

Re: Is an account filed by a sheriff within 12 months from the date the same was approved by the district judge but more than one year from the close of the term of the district court at which the claim should have been entered on the minutes of said court, payable by the Comptroller of Public Accounts?

    Your letter of recent date requesting the opinion of this department on the above stated question reads as follows:

    "I will thank you to refer to Articles 1026, 1034, 1035, C. C. P., and advise whether or not an account by a Sheriff that was filed in this office within twelve months from the date the same was approved by the District Judge, but more than one year from the close of the term of the District Court at which the claim should have been entered on the minutes of said court is payable by this department.

    "For your information in answering this question I wish to advise that heretofore this department, under instructions from the Attorney General's Department, has construed limitations to run from the date of the approval of the District Judge and not from the date of the close of the term of the District Court. However, construing your letter of November 5, 1941, as it applies to the miscellaneous claim of Grady Ingram, Groveton, Texas, authorized under Senate Bill 471, Regular Session of the Forty-seventh Legislature, it would seem that the former rule of this department has been superseded. I will thank you to advise in the premises."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION ...

Honorable George H. Sheppard, Page 2

Article 1033, Vernon's Annotated Code of Criminal Procedure, reads in part as follows:

"Before the close of each term of the district court, the district or county attorney, sheriff and clerk of said court shall each make out a bill of the costs claimed to be due them by the State, respectively, in the felony cases tried at that term . . . ."

Article 1034, Vernon's Annotated Code of Criminal Procedure, provides in part:

"The district judge, when any such bill is presented to him, shall examine the same carefully, and inquire into the correctness thereof, and approve the same, in whole or in part, or disapprove the entire bill, as the facts and law may require; and such approval shall be conditioned only upon, and subject to the approval of the State Comptroller as provided for in Article 1035 of this Code, and the Judge's approval shall so state therein; and such bill, with the action of the Judge thereon, shall be entered on the minutes of said Court; and immediately on the rising of said Court, the Clerk thereof shall make a certified copy from the minutes of said Court of said bill, and the action of the Judge thereon, and send same by registered letter to the Comptroller. Provided the bill herein referred to shall before being presented to such District Judge, be first presented to the County Auditor, if such there be, who shall carefully examine and check the same, and shall make whatever recommendations he shall think proper to be made to such District Judge relating to any item or the whole bill.

". . . ."

Article 1035, Vernon's Annotated Code of Criminal Procedure, provides:

"The Comptroller upon the receipt of such claim, and said certified copy of the minutes of said Court, shall closely and carefully examine the same, and, if he deems the same to be correct, he shall draw his warrant on the State

Honorable George H. Sheppard, Page 3

Treasurer for the amount found by him to be due, and in favor of the officer entitled to the same. If the appropriation for paying such accounts is exhausted, the Comptroller shall file the same away, if found to be correct, and issue a certificate in the name of the officer entitled to the same, stating herein the amount of the claim and the character of the services performed. All such claims or accounts not sent to or placed on file in the office of the Comptroller within twelve (12) months from the date the same becomes due and payable shall be forever barred."

Articles 1029 and 1030, Vernon's Annotated Code of Criminal Procedure, allow certain fees to sheriffs and constables for services performed by such officers as mentioned therein, and Article 1028, Vernon's Annotated Code of Criminal Procedure, referring to these two articles, reads as follows:

"All fees accruing under the two succeeding articles shall be due and payable at the close of each term of the district court, after being duly approved, except as provided for in subdivisions 7 and 8 of said articles, which shall be paid when approved by the judge under whose order the writ was issued."

Article 1027, Vernon's Annotated Code of Criminal Procedure, provides:

"In all cases where a defendant is indicted for a felony but under the indictment he may be convicted of a misdemeanor or a felony, and the punishment which may be assessed is a fine, jail sentence or both such fine and imprisonment in jail, the State shall pay no fees to any officer, except where the defendant is indicted for the offense of murder, until the case has been finally disposed of in the trial court. Provided the provisions of this Article shall not be construed as affecting in any way the provisions of Article 1019, Code of Criminal Procedure, as amended by Chapter 205, General Laws, Regular Session, Forty-second Legislature; Provided this shall not apply to examining trial fees to County Attorneys and/or Criminal District Attorneys."

It will be noted that Article 1033, supra, provides that before the close of each term of the district court, the sheriff and other officials named therein shall each make out the costs claimed to be due them by the State in felony cases tried at that term, and Article 1034, supra, provides that said bills should be presented to the district judge, and be examined by him, inquiring into the correctness thereof, and to approve the same, in whole or in part, or to disapprove the same, in whole or in part, as the case might require. It is provided that the bills, together with the action of the judge with reference thereto, should be entered on the minutes of the court, and that upon the rising of the court, the clerk should make a certified copy of the bills from the minutes of the court and the action of the judge thereon, and send the said copies by registered letter to the Comptroller. This statute further provides that the bills referred to shall before being presented to the district judge, be first presented to the county auditor, if such there be, who shall carefully examine and check the same, and shall make whatever recommendations he shall think proper to be made to such district judge relating to any item or the whole bills. It will be further noted that all fees accruing under Articles 1029 and 1030, supra, shall be due and payable at the close of each term of the district court, after being duly approved, except as provided for in Subdivisions 7 and 8 of said article, which shall be paid when approved by the judge under whose order the writ was issued.

In the case of Rogers v. Lynn, State Auditor, and Sheppard, State Comptroller, 49 S. W. (2d) 709, the relator sought a writ of mandamus against the Comptroller and the State Auditor to compel them to approve and to pay two accounts against the State, evidenced by two deficiency certificates issued August 2, 1929, and July 28, 1930, respectively. The respondents answered that the accounts under which the certificates were issued were tainted with fraud, and the State did not in fact owe the amounts claimed. Relator contended that inasmuch as the accounts had been approved by the district judge in accordance with the provisions of Article 1034, Code of Criminal Procedure, the respondents were foreclosed; under the case of Rochelle v. Lane, 145 S. W. 558, from attacking the validity of the accounts so approved and presented for payment. The following excerpt is taken from the opinion of the court:

"In the beginning of the discussion of the above question we are compelled to admit that, under the holding of the Rochelle v. Lane, supra, the order of the district judge in approving these

and prior claims has the force of a judgment
finally binding on the State, and these res-
pondents as to both questions of law and of
fact. We are further of the opinion that, if
such decision is to be adhered to, these res-
pondents are left with no alternative but to
approve those accounts and issue warrants in
payment thereof. . . ."

In the following paragraph of the opinion, the
court overruled the decision of the Rochelle v. Lane, and
rendered judgment refusing the writ of mandamus.

The claim or account of the sheriff in question
was filed in the office of the State Comptroller within twelve
months from the date the same was approved by the district
judge but more than one year from the close of the term of
the district court at which the claim was due and should have
been entered on the minutes of said court. Construing all
of the above mentioned statutes together, it is apparent that
all such claims or accounts not sent to or placed on file in
the office of the Comptroller within twelve months from the
date the same becomes due and payable shall be forever barred.
Certain fees allowed by Article 1029 and Article 1030, supra,
shall be due and payable at the close of each term of dis-
trict court after being duly approved, except as provided for
in Subdivisions 7 and 8 of said article, which shall be paid
when approved by the judge under whose order the writ was
issued.

In view of the foregoing it is our opinion that the
sheriff must make out a bill of the costs claimed to be due
him by the State before the close of each term of the district
court in the felony cases tried at that term, and the same
must be approved by the judge and filed in the minutes of the
district court during that term and immediately on the rising
or closing of said court, the clerk thereof shall make a cer-
tified copy from the minutes of said court of said bill and
the action of the judge thereon, and send the same by regis-
tered letter to the Comptroller, and all such claims or ac-
counts not sent to or placed on file in the office of the
Comptroller within twelve months from the date the same be-
comes due and payable are barred. The bills or claims must
be filed in the Comptroller's Department within twelve months
from the end of the term of court at which they became due
as required by Article 1035, Code of Criminal Procedure. Under

Honorable George H. Sheppard, Page 6

the facts above stated, this was not done, therefore, we respectfully answer the above stated question in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By ~Ardell Williams~

Ardell Williams
Assistant

AW:GO

APPROVED JUL 1, 1942

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN